

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: PRE-FILLED PROPANE TANK
ANTITRUST LITIGATION                                           MDL No. 2567

## TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in one Western District of Missouri action has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central Division of the Western District of Missouri. This litigation currently consists of four actions pending in two districts as listed on Schedule A.[1]

All parties agree that centralization is warranted, but disagree about the most appropriate transferee district. Plaintiffs in nine potential tag-along actions support centralization in the Central Division of the Western District of Missouri, in the first instance or the alternative. Plaintiffs in 21 actions and potential tag-along actions support centralization in the District of Kansas, in the first instance or in the alternative. Plaintiffs in one potential tag-along action suggest centralization in the Southern District of California, and plaintiff in another suggests the Eastern District of Pennsylvania, in the alternative.

Defendants AmeriGas[2] and Blue Rhino[3] support centralization in the Western Division of the Western District of Missouri or, alternatively, the District of Kansas. AmeriGas alternatively supports centralization in the Eastern District of Pennsylvania.

Plaintiffs in the Northern District of California *Venezia* potential tag-along action note that they support centralization, but oppose consolidation of their case with any other direct or indirect purchaser case that does not advance the same theories of liability or propose substantially the same class definition. Plaintiffs in the Central District of California *Chernavsky* potential tag-along action

---

[*] Judge Ellen Segal Huvelle took no part in the decision of this matter. Certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] The Panel is aware of 31 additional actions pending in seven districts. These actions and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] AmeriGas Propane, Inc., Amerigas Propane, L.P., AmeriGas Partners, L.P., and UGI Corporation (AmeriGas's parent corporation).

[3] Ferrellgas, L.P., and Ferrellgas Partners, L.P. (Ferrellgas or Blue Rhino). Blue Rhino is the trade name under which Ferrellgas, L.P. does business.

-2-

support centralization, but oppose inclusion of their action in centralized proceedings and request that the MDL be limited to Sherman Antitrust Act claims.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization in the Western District of Missouri will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising from allegations that defendants unlawfully conspired to fix the price per pound of propane sold in exchange tanks. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

As in the past, we leave to the transferee judge the manner and extent of coordination or consolidation of pretrial proceedings. *See, e.g., In re: Bear Stearns Cos. Inc. Sec., Derivative & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 572 F. Supp. 2d 1377, 1378 (J.P.M.L. 2008). We are not inclined to restrict the litigation to claims under the Sherman Antitrust Act. All actions share factual questions concerning allegations that defendants conspired to fix the price per pound of propane sold in exchange tanks. Inclusion of all actions containing this common factual core will prevent duplicative discovery and inconsistent pretrial rulings. *Chernavsky* is a potential tag-along action and, therefore, is not currently before the Panel. Plaintiffs will have an opportunity to object to transfer in due course, once the action is placed on a conditional transfer order.

We are persuaded that the most appropriate location for this litigation is the Western Division of the Western District of Missouri, where an MDL involving nearly identical allegations against defendants previously was pending before Judge Gary A. Fenner. *See In re: Pre-Filled Propane Tank Mktg. & Sales Practices Litig.*, 655 F. Supp. 2d 1354 (J.P.M.L. 2009). There are thirteen actions now pending in the Western District of Missouri, and Blue Rhino's headquarters are located in nearby Kansas City, Kansas. The Western Division of this district provides an easily accessible location for all parties and a presiding judge who is familiar with the facts, issues, parties, and some of the counsel involved in this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A are transferred to the Western District of Missouri and, with the consent of that court, assigned to the Honorable Gary A. Fenner for coordinated or consolidated pretrial proceedings in that district.

-3-

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell        Charles R. Breyer
Lewis A. Kaplan            Sarah S. Vance
R. David Proctor